UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11970-RGS

STEVEN LIPPARD

v.

DET. LOUTING and SHERIFF DONNA BUCKLEY

ORDER

August 28, 2023

On August 25, 2023, Steven Lippard ("Lippard"), now in custody at the Barnstable County Jail and House of Correction, filed a *pro se* request for injunctive relief and an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Doc. Nos. 1, 2.

Lippard's clam arises from an incident during which a police detective is alleged to have used "all kinds of disparaging, antigay words and forced [Lippard] to remove [his] wedding band." *See* Doc. No. 1, p. 2. Named as defendants are a Yarmouth Port police detective and the Barnstable County Sheriff. *Id.* Lippard contends that his civil rights were violated, and he seeks to have this court issue "orders to [ensure that Lippard's] ring be returned to him, immediately." Doc. No. 1-1.

Although Lippard's request for injunctive relief contains some factual allegations and is accompanied by an affidavit, a complaint is necessary to commence an action in this Court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In the absence of a commenced civil action, the court lacks jurisdiction to issue preliminary injunctive relief. *See e.g., Latimore v. Boston Police Dept.*, No. 14-cv-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014) (denying motion for injunctive relief where no complaint was filed); *Lowenthal v. Massachusetts*, No. 14-cv-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014).

Additionally, unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Although Lippard filed an Application to Proceed in District Court without Prepaying Fees or Costs, he failed to provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Based on the information contained in the prison account

statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

If Lippard wishes to proceed with this action, he will be granted an opportunity to file (1) a complaint and (2) either payment of the filing fee or a renewed Application accompanied by a copy of his prison account statement. A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(l)-(3). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The court notes that even with the filing of a complaint and payment of the requisite filing fee, the complaint will be subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[1]  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the Plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Accordingly:

1. Plaintiff's Motion (Doc. No. 1) for Injunctive Relief is DENIED.

2. Plaintiff's Application (Doc. No. 2) to Proceed in District Court without Prepaying Fees or Costs is DENIED WITHOUT PREJUDICE.

3. To the extent Plaintiff wishes to proceed, he shall by September 25, 2023, (1) file a complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure; and (2) either pay the $402 filing and administrative fee or file a renewed Application to Proceed in District Court without Prepaying Fees or Costs accompanied by a copy of

---

[1] A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

his prison account statement.   Failure to comply with this order will result in dismissal of this action.

                              SO ORDERED.

                              <u>/s/ Richard G. Stearns</u>
                              UNITED STATES DISTRICT JUDGE